UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY THOMAS,<br><br>         Plaintiff,<br><br>    v.<br><br>AMAR LIQUOR & MORE,<br><br>         Defendant. | No. 2:24-cv-03302-DC-AC<br><br>ORDER DISMISSING THIS ACTION DUE TO PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE |

On August 25, 2025, the court issued an order directing Plaintiff to file within 14 days either a declaration as to the status of this case or a motion for default judgment, because this case has been pending since November 26, 2024, and the Clerk of the Court entered default as to Defendant on March 25, 2025. (Doc. No. 10.) Plaintiff did not file a declaration or motion as directed and did not otherwise communicate with the court. Consequently, on September 12, 2025, the court issued an order directing Plaintiff to show cause by no later than September 19, 2025, "why this case should not be dismissed due to Plaintiff's failure to prosecute and failure to comply with a court order." (Doc. No. 11.) Plaintiff's deadline to respond to that order has since passed, and Plaintiff has not filed a response or a request for an extension of time in which to respond.

In light of Plaintiff's failure to timely respond to the court's August 25, 2025 order and September 12, 2025 order to show cause, it appears that Plaintiff no longer wishes to prosecute

1 | this action but rather has abandoned the litigation.

2 | In determining whether to dismiss a case for lack of prosecution, courts consider the follow factors: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998).

In addition, the Local Rules of this court provide that the failure of a party to comply with any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. *Id.*; *see also Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint), *as amended* (May 22, 1992).

Here, the public interest in expeditious resolution of litigation and the court's need to manage its docket support the imposition of the sanction of dismissal here. In light of Defendant's default, the risk of prejudice to Defendant is a neutral factor. Only the public policy favoring disposition on the merits counsels against dismissal. However, Plaintiff's failure to prosecute this action makes disposition on the merits an impossibility. Finally, with respect to availability of less drastic sanctions, the court has considered alternative measures. The issuance of yet another order to show cause would be futile under the circumstances presented.

Accordingly, this action will be dismissed due to Plaintiff's failure to prosecute and failure to comply with the court's orders.

For the reasons set forth above,

1. This action is DISMISSED, without prejudice, due to Plaintiff's failure to respond to the September 12, 2025 order to show cause (Doc. No. 11), failure to prosecute this action, and failure to comply with court orders; and

2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**September 22, 2025**__  

Dena Coggins
United States District Judge

3